# EXHIBIT A

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF   PLYMOUTH | DOCKET NO. _____ |
|---|---|---|

| **PLAINTIFF(S) HAMILTON THOM MANUEL** | **DEFENDANT(S)** 21st MORTGAGE CORPORATION and<br>NEW CENTURY MORTGAGE CORP |
|---|---|

| Plaintiff Atty | PRO SE | Type Defendant's Attorney Name | |
|---|---|---|---|
| Address | 90 Belcher Ave. | Defendant Atty. | |
| City | Brockton | State | MA | Zip Code | 02301 | Address | |
| | | | | | | City | State | Zip Code |
| Tel. | 7743864351 | BBO# | | | | | |

RECEIVED JUL 2 3 2015

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.       TYPE OF ACTION (specify)       TRACK       IS THIS A JURY CASE?

**D01 Specific Performance of Contract - Average Track**       ⊙ ] Yes   ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.   Documented medical expenses to date:
     1.   Total hospital expenses                                           $_____
     2.   Total doctor expenses                                            $_____
     3.   Total chiropractic expenses                                      $_____
     4.   Total physical therapy expenses                                  $_____
     5.   Total other expenses (describe)                                  $_____
                                                          Subtotal          $_____
B.   Documented lost wages and compensation to date                        $_____
C.   Documented property damages to date                                   $_____
D.   Reasonably anticipated future medical expenses                        $_____
E.   Reasonably anticipated lost wages and compensation to date            $_____
F.   Other documented items of damages (describe)                          $_____

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                          Total $_____

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                          TOTAL   $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____       Date: 7/23/15

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| \ * CONTRACTS | * REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| A01  Services, Labor and Materials F) | C01   Land Taking (eminent domain)   (F) | E02    Appeal from Administrative |
| A02  Goods Sold and Delivered   (F) | C02   Zoning Appeal, G.L. c.40A   (F) |        Agency G.L. c. 30A   (X) |
| A03  Commercial Paper   (F) | C03   Dispute concerning title   (F) | E03    Claims against Commonwealth |
| A08  Sale or Lease of Real Estate   (F) | C04   Foreclosure of mortgage   (X) |        or Municipality   (A) |
| A12  Construction Dispute   (A) | C05   Condominium Lien & Charges   (X) | E05    Confirmation of Arbitration Awards   (X) |
| A99  Other (Specify)   (F) | C99   Other (Specify)   (F) | E07    G.L. c.112, s.12S (Mary Moe)   (X) |
| E03  Claims against Commonwealth   (A) | E03   Claims against Commonwealth   (A) | E08    Appointment of Receiver   (X) |
|       or Municipality |        or Municipality | E09    General Contractor bond, |
| | |        G.L. c. 149, ss. 29, 29a   (A) |
|       *TORT | **EQUITABLE REMEDIES** | E11    Worker·s Compensation   (X) |
| B03  Motor Vehicle Negligence   (F) | D01   Specific Performance of Contract   (A) | E12    G.L.c.123A, s.12 (SDP Commitment)   (X) |
|       personal injury/property damage | D02   Reach and Apply   (F) | E14    G.L. c. 123A, s. 9 (SDP Petition) |
| B04  Other Negligence-   (F) | D06   Contribution or Indemnification   (F) | E15    Abuse Petition, G. L. c. 209A   (X) |
|       personal injury/property damage | D07   Imposition of a Trust   (A) | E16    Auto Surcharge Appeal   (X) |
| B05  Products Liability   (A) | D08   Minority Stockholder's Suit   (A) | E17    Civil Rights Act, G.L. c.12, s. 11H   (X) |
| B06  Malpractice-MedicaL   (A) | D10   Accounting   (A) | E18    Foreign Discovery Proceeding   (X) |
| B07  Malpractice-Other (Specify)   (A) | D12   Dissolution of Partnership   (F) | E19    Sex Offender Registry G.L. c. 178M, |
| B08  Wrongful Death, G.L. c.229, s.2A (A) | D13   Declaratory Judgment G.L. c. 231A   (A) |        s. 6   (X) |
| B15  Defamation (Libel-Slander)   (A) | D99   Other (Specify)   (F) | E21    Protection from Harassment c 258E   (X) |
| B19  Asbestos   (A) | | E25    Plural Registry (Asbestos cases) |
| B20  Personal Injury- slip & fall   (F) | | E95    **Forfeiture G.L. c. 94C, s. 47   (F) |
| B21  Environmental   (F) | | E96    Prisoner Cases   (F) |
| B22  Employment Discrimination   (F) | | E97    Prisoner Habeas Corpus   (X) |
| B99  Other (Specify)   (F) | | E99    Other (Specify)   (X) |
| E03  Claims against Commonwealth   (A) | | |

**\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
**\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes   [   ] |

### SUPERIOR COURT RULE 29

   **DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

   **DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT DEPARTMENT
OF TRIAL COURT

| | |
|---|---|
| HAMILTON THOM MANUEL ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND JURY DEMAND** |
| ) | |
| 21st MORTGAGE CORPORATION and ) | **Civil Action No.** |
| NEW CENTURY MORTGAGE CORP ) | |
| ) | |
| Defendants. ) | |

### SUMMONS AND ORDER OF NOTICE

To the above named Defendant:

You are hereby summoned and required to serve upon Hamilton Thom Manuel, who address is 90 Belcher Ave., Brockton MA 02301, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from kaing such claim in any other action.

_Harritos_

1

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT DEPARTMENT
OF TRIAL COURT

|  |  |
|---|---|
| HAMILTON THOM MANUEL ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND JURY DEMAND** |
| ) | |
| 21st MORTGAGE CORPORATION and ) | Civil Action No. |
| NEW CENTURY MORTGAGE CORP ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PRELIMINARY STATEMENT

This Complaint is filed by two Belcher homeowners against their original mortgage lender and its purported assignee and mortgage loan servicer for their violations of the Massachusetts Consumer Protection statue, M.G.L. c. 93A, §9, the federal and state Truth in Lending Acts, 15 U.S.C. § 1610 *et seq.* and M.G.L.ch. 140D, § 1 *et seq.*, and the state and federal Fair Debt Collection Practices Acts, M.G.L.ch. 93 §49 and 15 U.S.C §1692f. The Plaintiff allege that these Defendants used "bait and switch" tactics, misrepresentations, and deceit to lure them into an unaffordable residential home loan, and thereafter employed unscrupulous and unfair debt collection practices in an effort to collect payments on that loan. As is more fully set forth herein, Plaintiff maintain that as a result of these violations the residential home loan should be rescinded, the Defendants' security interest in their home (if any) voided, and be allowed to recover statutory damages, reasonable legal fees and costs in bringing this action.

2

## PARTIES

1.      The Plaintiff, Hamilton Thom Manuel ("Plaintiff"), are natural persons who reside at 90 Belcher Ave., Brockton, MA 02301.

2.      The Defendant, 21st MORTGAGE CORPORATION ("21ST MORTGAGE"), is a national bank with a principal place of business of 425 Phillips Boulevard, Ewing, New Jersey 08618.

3.      The Defendant, NEW CENTURY MORTGAGE CORP ("NEW CENTURY"), is a national bank with a principal place of business of 15301 Ventura Boulevard, Suite D300, Sherman Oaks, California 91403.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this matter and these Defendants pursuant to M.G.L.ch. 223A, §3, c. 212 §4 and c. 214, §1.

## FACTUAL ALLEGATIONS

5.      In 2006 Plaintiff, purchased the residence located at 190 Belcher Ave., Brockton, MA 02301. Plaintiff financed the purchase with a first mortgage in the amount of approximately $288,000.00.

6.      Subsequently the servicing of Plaintiff' mortgage (hereinafter the "Loan") transferred to 21ST MORTGAGE. As of then, 21ST MORTGAGE took over the billing, payment processing, and customer support of Plaintiff's Loan. NEW CENTURY promised Plaintiff that it would work closely with 21ST MORTGAGE to make the transition from NEW CENTURY to 21ST MORTGAGE as smooth as possible. Additionally, NEW CENTURY advised Plaintiff to continue to make their monthly payments to NEW CENTURY and to begin making payments to

3

21ST MORTGAGE on a later date. The Notice advised "if you do not have the new loan number, you may write your old NEW CENTURY loan number on the check."

7.      NEW CENTURY sent a letter to Plaintiff advising of their new 21ST MORTGAGE account number effective immediately.

8.      Plaintiff wrote a check for their monthly payment and the Loan on check number 6443 in the amount of 875.10. Plaintiff wrote the loan number on the memo line and the amount of $1,450.87. 21ST MORTGAGE endorsed the check.

9.      Subsequently, Plaintiff wrote a check to 21ST MORTGAGE in the amount of $1,450.87 for the Loan payment. The check was endorsed by 21ST MORTGAGE.

10.     On January 17, 2013 21ST MORTGAGE wrote Plaintiff advising that the overpayment in the amount of $3.00 would not be applied against principal on the Loan, but rather placed "in suspense" and advising the total amount required to bring the account current is $114.09.

11.     On January 22, 2013 Plaintiff called 21ST MORTGAGE and was advised that the January 2013 payment they made was applied to the December 2012 payment. Plaintiff explained they paid 21ST MORTGAGE for the December 2012 payment and the January payment should be applied to the January 21ST MORTGAGE invoice. 21ST MORTGAGE's customer service representative told Plaintiff to call NEW CENTURY and that 21ST MORTGAGE would open an investigation to locate the missing payment.

12.     On January 23, 2013 Plaintiff called NEW CENTURY to locate and apply the missing December payment against the Loan. 21ST MORTGAGE advised the payment would be applied and provided Plaintiff a "request transfer i.d. number" for this transaction.

13.     Plaintiff promptly called 21ST MORTGAGE after their phone call with NEW CENTURY on January 23rd and provided the "request transfer i.d. number" to the 21ST

MORTGAGE representative. 21ST MORTGAGE was to contact NEW CENTURY and request the $117.09 payment from NEW CENTURY and apply it to the Loan.

14.    Plaintiff called 21ST MORTGAGE on January 29, 2013 to complain that 21ST MORTGAGE had not credited the Loan account in the amount of the $117.09 reflecting Plaintiff' December 2012 monthly payment. 21ST MORTGAGE did not remedy the accounting error or credit Plaintiffs' account.

15.    On March 26, 2014 Plaintiff called 21ST MORTGAGE asking 21ST MORTGAGE to apply the monthly payment made by Plaintiff in December as a loan payment and bring the Loan balance current. The 21ST MORTGAGE representative acknowledged that NEW CENTURY was responsible for the December 2012 payment for Plaintiffs' Loan and The Plaintiff were not obligated to make a "double payment" for December 2013.

16.    On March 28, 2013 21ST MORTGAGE wrote The Plaintiff advising that it did not find any error in the application of payments and it did not credit any funds to their loan.

17.    Plaintiffs continued to make timely monthly payments to 21ST MORTGAGE in the amount of $1,450.87. The Plaintiff wrote 21ST MORTGAGE on April 10, 2013 asking that the December 2012 payment must be credited to their Loan account.

18.    On April 14, 2013 21ST MORTGAGE sent The Plaintiff a letter stating that The Plaintiff did not make a payment on the loan since March 1, 2013 and they must pay $242.83 to cure the default by May 19, 2013. 21ST MORTGAGE threatened to accelerate the Loan if Plaintiff did not pay $242.83.

19.    On April 21, 2013 21ST MORTGAGE wrote The Plaintiff in response to their April 10, 2013 correspondence. 21ST MORTGAGE concluded that The Plaintiff were obligated to pay the $1,392.17 payment for December 1, 2012 and the first payment 21ST MORTGAGE received

was on January 15, 2013. The Plaintiff were therefore in arrears on the Loan and a late payment

fee was assessed. 21ST MORTGAGE did not credit Plaintiffs' loan with the payment made to

NEW CENTURY with check number 1678 and dated December 8, 2012.

20.     The Plaintiff wrote 21ST MORTGAGE again on May 6, 2013 attempting to correct the

accounting error. On May 27, 2013 21ST MORTGAGE wrote to The Plaintiff advising that The

Plaintiff were obligated to pay the December 2012 and the first payment was not received until

January 15, 2013.

21.      The Plaintiff continued to make timely monthly payments to 21ST MORTGAGE on the

Loan in the amount of $1,450.87. 21ST MORTGAGE continues to demand payment for the lost

December 2012 payment. On June 15, 2013 21ST MORTGAGE sent The Plaintiff another letter,

demanding payment in the amount of $280.42 to bring the loan current.

22.     Likewise, on July 12, 2013 21ST MORTGAGE sent The Plaintiff another demand letter

seeking payment in the amount of $303.82 to bring the Loan current. This has continued every

month to date of filing of this complaint.

23.     Plaintiffs' credit scores were adversely affected by 21ST MORTGAGE's report of a late

payment to the credit bureaus making it impossible for them to obtain any type of line of credit.

24.     The Plaintiff receive two phone calls per day from 21ST MORTGAGE's collections

division and numerous letters threatening foreclosure.

### COUNT I
### Violation of 15 U.S.C. § 1635
*(Plaintiff v. 21ˢᵗ Mortgage and New Century)*

25.     The Plaintiff repeat and re-allege all paragraphs above as if fully set forth herein.

26.     Plaintiffs' residential home loan was subject to a right of rescission as described by 15

U.S.C. § 1635(a).

27.    Under 15U.S.C. § 1635(a), NEW CENTURY has a duty to disclose to Plaintiffs' they had three (3) days to rescind the transaction.

28.    During the closing on May 19, 2006, NEW CENTURY breached that duty by twice explicitly stating to Plaintiffs' that they could not rescind the loan.

29.    Neither 21ST MORTGAGE nor NEW CENTURY ever refuted the statements made by NEW CENTURY to The Plaintiff that the transaction could not be rescinded.

30.    Despite being alerted to these violations, NEW CENTURY and 21ST MORTGAGE have both failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the termination of any security interest on or purporting to encumber The Plaintiff; Belcher home as required by U.S.C. § 1635(b).

31.    NEW CENTURY and 21ST MORTGAGE have also both failed to return to The Plaintiff the money paid by them as a part of this transaction, including the funds paid to these Defendants, as required by 15 U.S.C. § 1635(b).

32.    As a result of the aforesaid violations of the Truth in Lending Act, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), NEW CENTURY and 21ST MORTGAGE are liable to The Plaintiff for:

   a.   Rescission of the residential home loan transaction;

   b.   Termination of any security interest created under that transaction and purporting to encumber their Belcher home;

   c.   Return of all money paid by them to anyone, including these Defendants, in connection with residential home loan transaction;

   d.   Statutory damages for the Defendants' failure to properly inform them of their rescission rights;

   e.   Forfeiture and return of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

7

      g.  Reasonable legal fees.

## COUNT II
### Violation of M.G.L.ch 140D, § 10
*(Plaintiff v. 21st Mortgage and New Century)*

33.     The Plaintiff repeat and re-allege all paragraphs above as if fully set forth herein.

34.     21ST MORTGAGE's AND NEW CENTURY's violations, as set forth in the preceding Count, also constitute violations of M.G.L.ch. 140D, § 10.

35.     As a result of the aforesaid violations of M.G.L.ch. 140 D, § 10, and pursuant to M.G.L.ch. 140 D, § 32 and M.G.L.ch. 140 D, § 33, 21ST MORTGAGE and NEW CENTURY are further liable to The Plaintiff for:

      a.  Rescission of the residential home loan transaction;

      b.  Termination of any security interest created under that transaction and purporting to encumber their Belcher home;

      c.  Return of all money paid by them to anyone, including these Defendants, in connection with residential home loan transaction;

      d.  Statutory damages for the Defendants' failure to properly inform them of their rescission rights;

      e.  Forfeiture and return of loan proceeds;

      f.  Actual damages in an amount to be determined at trial; and

      g.  Reasonable legal fees.

## COUNT III
### Unfair and Deceptive Acts and Practices
### In violation of M.G.L.ch. 93A
*(Plaintiffs v. 21st Mortgage and New Century)*

36.     The Plaintiff repeat and re-allege all paragraphs above as if fully set forth herein.

37.     At all times alleged in this Complaint 21ST MORTGAGE and NEW CENTURY were engaged in "trade or commerce" as that term is defined under M.G.L.ch 93A.

38.     As stated in this Complaint, 21ST MORTGAGE violated 209 CMR 41.10(14) and 940 CMR 8.40(4) by making false or deceptive statements and representations to The Plaintiff with regard to the rates, points, or other financing terms and conditions for their residential mortgage loan, and by employing other bait and switch tactics.

39.     As stated in this Complaint, 21ST MORTGAGE also violated 940 CMR 8.60(15) by making a loan to The Plaintiff that they explicitly told the Defendant they could not afford.

40.     As stated in this Complaint. 21ST MORTGAGE also violated 940 CMR 8.50(1) by explicitly stating to The Plaintiff that they cannot rescind the loan.

41.     As stated in this Complaint, 21ST MORTGAGE violated M.G.L.ch 140D, § 1 *et seq.* and 15 U.S.C. § 1635 *et seq.*, and regulations promulgated there under

42.     The aforementioned violations constitute "unfair or deceptive acts" specifically proscribed by M.G.L.ch. 93A.

43.     21ST MORTGAGE undertook said unfair and deceptive acts or practices primarily and substantially in Massachusetts.

44.     The Plaintiff have been injured and suffered damages by virtue of 21ST MORTGAGE's violations.

45.     Upon information and belief, NEW CENTURY acted as an agent of 21ST MORTGAGE during the originating loan transaction with The Plaintiff. As such, all of the aforementioned violations of 93A described herein are imputed upon 21ST MORTGAGE under ordinary agency principals.

46.     On May 10, 2015 The Plaintiff submitted a demand letter to 21ST MORTGAGE pursuant to M.G.L.ch. 93A, § 9(3) which detailed the allegations and claims set forth herein, and presented a reasonable settlement offer to it.

47.     On May 15, The Plaintiff submitted a demand letter to NEW CENTURY pursuant to M.G.L.ch. 93A, § 9(3) which detailed the allegations and claims set forth herein, and presented a reasonable settlement offer to it.

48.     More than (30) days has elapsed since the date of the letters to 21ST MORTGAGE and NEW CENTURY, yet neither has made any written tender of settlement to The Plaintiff.

49.     Accordingly. The Plaintiff are now entitled to relief for 21ST MORTGAGE's and NEW CENTURY's unfair and/or deceptive acts and practices pursuant to M.G.L.ch. 93A.

**COUNT IV**
**Violation of Fair Debt Collection Practices**
**M.G.L.ch 93 § 49 and 15 U.S.C. § 1692f**
*(Plaintiff v. 21st Mortgage)*

50.     The Plaintiff repeat and re-allege all paragraphs above as if fully set forth herein.

51.     M.G.L.ch. 93 §49 and U.S.C. §1692f each prohibit (a) using unfair and unconscionable collection methods; (b) using false or deceptive collection methods; and (c) engaging in conduct the natural consequence of which is to harass, oppress or abuse a borrower.

52.     As stated in this Complaint, 21ST MORTGAGE engaged in debt collection tactics intended to harass, oppress and abuse The Plaintiff in order to collect what it alleged they owed to an unidentified third-party under the aforementioned loan.

53.     These tactics included sending a photographer to Plaintiffs' home to photograph while they were there, and hiring a law firm to threaten The Plaintiff with foreclosure despite the fact that it had no legal right to undertake such action.

54.     21ST MORTGAGE's actions as set forth above constitute unfair, unconscionable and deceptive collection methods, the natural consequences and intention of which was to harass, oppress and abuse The Plaintiff.

10

55.    As a result of 21ST MORTGAGE's conduct The Plaintiff have suffered monetary

damages and great emotional distress.

56.    Accordingly, The Plaintiff are entitled to relief.

**COUNT V**
**Unfair and Deceptive Acts and Practices**
**In Violation of M.G.L.ch. 93A**
*(Plaintiff v. 21ˢᵗ Mortgage)*
*Debt Collection Practices*

57.    The Plaintiff repeat and re-allege all paragraphs above as if fully set forth herein.

58.    At all times alleged in this Complaint 21ST MORTGAGE was engaged in "trade or

commerce" as that term is defined under M.G.L.ch. 93A.

59.    21ST MORTGAGE's violations, as set forth in the preceding Count, also constitute *per*

*se* violations of M.G.L.ch. 93A.

60.    21ST MORTGAGE's conduct as described above was willful or knowing within the

meaning of M.G.L. c. 93A.

61.    21ST MORTGAGE undertook said unfair and deceptive acts or practices primarily and

substantially in Massachusetts.

62.    The Plaintiff have been injured and suffered damages by virtue of 21ST MORTGAGE's

violations.

63.    On May 10, 2015 The Plaintiff submitted a demand letter to 21ST MORTGAGE

pursuant to M.G.L.ch. 93A, § 9(3) which detailed the allegations and claims set forth herein, and

presented a reasonable settlement offer to it.

64.    More than (30) days has elapsed since the date of the letters to 21ST MORTGAGE and

NEW CENTURY, yet neither has made any written tender of settlement to The Plaintiff.

65.    Accordingly. The Plaintiff are now entitled to relief for 21ST MORTGAGE's and NEW

CENTURY's unfair and/or deceptive acts and practices pursuant to M.G.L.ch. 93A.

11

## COUNT VI
### Promissory Estoppel
*(Plaintiff v. 21st Mortgage and New Century)*

66.     The Plaintiff repeat and re-allege all paragraphs above as if fully set forth herein.

67.     As recited in the preceding paragraphs, 21ST MORTGAGE and NEW CENTURY promised to make an affordable mortgage loan to The Plaintiff with terms that were materially different than those presented to them May 19, 2011.

68.     In making this promise Defendants should have reasonably expected that its representations would induce action or forbearance of a definite and substantial character on the part of The Plaintiff.

69.     Defendant's promises did induce such action or forbearance by The Plaintiff.

70.     As a direct and proximate result of Defendants' failure to honor its promises harm has resulted to The Plaintiff.

71.     Injustice can be avoided only by enforcement of Defendants' promises.

### PRAYER FOR RELIEF

WHEREFORE, The Plaintiff request that this Court award them with the following:

1.  Rescind their loan with 21ST MORTGAGE and accordingly declare it rescinded;

2.  Order 21ST MORTGAGE to take all action necessary to terminate any security interest in Plaintiffs' home created under the loan transaction and declare all such security interest void;

3.  Enter judgment against NEW CENTURY and 21ST MORTGAGE on all counts set forth against them in this Complaint;

4.  Award statutory damages, costs and legal fees against NEW CENTURY and 21ST MORTGAGE for their violations of M.G.L.ch. 140D, § 10 and 15 U.S.C. § 1635.

12

5. Award statutory damages, costs and legal fees against 21ST MORTGAGE for its violations of M.G.L.ch. 93 §49 and 15 U.S.C. § 1692f.

6. Award further damages, including all actual, special and general damages, as well as all statutory damages, multiple damages, court costs and legal fees for the Defendants' violations of M.G.L.ch. 93A;

7. Order all Defendants to take all action necessary to remove any and all adverse credit information provided to any credit reporting agency relating to Plaintiffs' loan;

8. Award such other and further relief as this Court deems just and appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,

Hamilton Thom Manuel
90 Belcher Ave.
Brockton MA 02301
Tel. (774) 386-4351

13

Exhibit A

Exhibit B

Exhibit C

U.S. POSTAGE
PAID
BROCKTON, MA
02301
JUL 25, 15
AMOUNT
$7.89
00056126-15

1000          02109

UNITED STATES
POSTAL SERVICE

HAMILTON THOM - MANUEL
92 BELCHER AVE
BROCKTON, MA 02301-4166

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7013 3020 0000 2864 7346

RETURN RECEIPT
REQUESTED

REGISTERED AGENT,
CORPORATION SERVICE COMPANY
21ST. MORTGAGE CORPORATION
84 STATE STREET
BOSTON, MA 02109
USA



